```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
Desmond Parks,

                    Plaintiff,
                                              11 Civ. 8129 (ALC)(JCF)

            - against -                       OPINION & ORDER


JM3 Construction, Inc.,

                    Defendant.
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8•1•12

**ANDREW L. CARTER, JR.,** United States District Judge:

Plaintiff Desmond Parks, seeks to remand the instant matter to state court in order to consolidate this action with a companion state court action arising from the same incident. Defendant JM3 Construction, Inc. does not oppose that motion.

I. **Background**

On October 3, 2008, while working as an employee of RCI Plumbing Corp., Plaintiff was struck and injured by a falling object at a construction project at a premises owned by 45 John Street LLC. The general contractor for the construction project was Phoenix Building Corp., and the owner's representative was HRH Construction, LLC.

On December 21, 2009, Plaintiff commenced an action in Supreme Court, Bronx County against the owner of the premises, 45 John

Street LLC. On May 4, 2010, Defendant 45 John Street LLC, impleaded as third-party defendants Plaintiff's employer, RCI Plumbing, Inc., the general contractor, Phoenix Building Corp., and the owner's representative, HRH Construction, LLC. Plaintiff subsequently amended his complaint on May 13, 2010 to add Phoenix Building Corp. and HRH Construction, LLC as defendants.

HRH Construction, LLC filed for Chapter 11 bankruptcy protection in September 2009 and the Supreme Court, Bronx County case was stayed. After the action was stayed, it came to the Plaintiff's attention that JM3 Construction, Inc. ("JM3") was a subcontractor on the construction project and may have been responsible for Plaintiff's injuries. Because the bankruptcy stay was in effect, however, JM3 could not be added as a direct defendant to the already pending action.

Accordingly, on October 3, 2011, a separate action was commenced against Defendant JM3 in Supreme Court, Bronx County. On November 10, 2011, Defendant JM3 removed the matter to this Court on the basis of diversity.

On May 24, 2012, the bankruptcy stay was lifted by Order of the United States Bankruptcy Court for the Southern District of New York. The Order permitted Plaintiff's state action to proceed through judgment and enforcement.

On June 5, 2012, pursuant to 28 U.S.C. § 1447(e), Plaintiff filed a motion to remand the federal action to be joined for trial with the state action. Defendant JM3 does not oppose Plaintiff's motion.

## II. Discussion

Generally, a motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). However, although this petition for remand is untimely, the Court waives the defect as both the Plaintiff and the Defendant support the petition.

In the interest of avoiding multiple and duplicative litigation, Congress enacted 28 U.S.C. Section 1447(e), which compels courts to exercise discretion when deciding whether to remand a case to state court. Courts in the Second Circuit use a four-part test in examining fundamental fairness in these circumstances: (1) any delay in moving to join additional defendants and the reasons for it; (2) any resulting prejudice to the defendant; (3) the threat of multiple litigation; and (4) the plaintiff's motive for moving to amend. *Dieng v. Smith & Nephew Dyonics, Inc.*, 2003 WL 22240748, at *2 (S.D.N.Y. Sept. 29, 2003) *citing Wyant v. National R.R. Passenger Corp.*, 881 F. Supp. 919, 923 (1995).

In this matter, but for the bankruptcy stay, JM3 would have been added as a direct defendant in the original state action. Similarly, now that the bankruptcy stay has been lifted and Plaintiff's state action has been allowed to proceed through judgment and enforcement, permitting joinder and remanding the case to state court is the most fundamentally fair course of action.

In an effort to avoid piecemeal litigation and the risk of inconsistent and contradictory results, the Court hereby finds that the interests of justice will be served by remanding this matter to the state court in which it was originally filed.  As a result, all of the claims of the parties will be heard in one forum, reducing the risk of inconsistent results and allowing for a comprehensive resolution of this conflict.  Additionally, both parties support remand to state court.

## III. Conclusion

For the foregoing reasons, it is hereby ordered that this case is remanded to the Supreme Court of the State of New York, Bronx County. The Clerk of Court is respectfully directed to close this case.

Dated: New York, New York
August 1, 2012

SO ORDERED.

_____
Andrew L. Carter, Jr.
United States District Judge